JOSEFA DELGADO, Plaintiff and Appellee, *v.* JOAQUÍN RIVERA PÉREZ ET AL., Defendants; JOAQUÍN RIVERA PÉREZ, Appellant.

No. 5255.  Argued November 20, 1930.—Decided February 5, 1931.

*A. R. de Jesús* and *Gabriel de la Haba* for appellant.  *Cayetano Coll Cuchí* and *Luis R. Polo* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a suit to annul certain deeds. We have carefully considered the pleadings and the evidence, from which the following appears:

Josefa Delgado, plaintiff herein, brought an action against Joaquín Rivera Pérez, one of the defendants in the present suit, to recover a debt secured by a mortgage. On May 3, 1927, judgment was rendered in that action against the defendant, who was ordered to pay to the plaintiff three thousand dollars as principal, with interest thereon and costs.

In execution of the judgment, there was sold at public auction the mortgaged property—a house and lot facing

Flores Street, Santurce—which was awarded to the plaintiff for the sum of one thousand dollars in partial payment of the mortgage credit, and the award was recorded in the registry of property on July 2, 1927.

At this stage, on November 17, 1927, the defendant herein, Joaquín Rivera Pérez, instituted an action in the Municipal Court of San Juan against the plaintiff in this suit, Josefa Delgado, to claim a right of homestead amounting to five hundred dollars, in the house on Flores Street. At the trial of the present action for nullity the defendant, Joaquín Rivera, testified in regard to the said homestead claim as follows:

"Q. Did you file in the Municipal Court of San Juan an action claiming a homestead right in a piece of property which had belonged to you and had been awarded in a mortgage foreclosure proceeding to Mrs. Delgado?

"A. I did.

"     .     .     .     .     .     .     .     .     .

"Q. Who was your attorney?

"A. Angel Vázquez.

"(Judge) Q. Who signed the pleadings here?

"A. I did.

"Q. You had an attorney whose name was Angel Vázquez and it was you who signed the pleadings submitted to the court?

"A. Yes.

"Q. Is this a typewriter from the office of attorney Vázquez?

"A. I intrusted the case to Agustín Hernández Mena.

"Q. Did he represent you as an attorney?

"A. He appointed Angel Vázquez as the attorney.

"Q. What did you have to do with Hernández Mena?

"A. Nothing.

"Q. Why did he appoint the attorney?

"A. It was a case which I gave him together with another on a 50 per cent basis.

"Q. How is it that you gave him the case on a 50 per cent basis, as partner, and you say that you had nothing to do with him?

"A. The attorney.

"Q. Do you know whether Hernández Mena is an attorney-at-law?

"A. I don't know.

"Q. Did you intrust. him with the homestead case on a 50 per cent basis?

"A. Yes."

The summons having been issued in the action to enforce the homestead claim, it was returned by Agustín Hernández Mena as follows:

"I, Agustín Hernández Mena, being duly sworn, depose and say that I am of age, married, a resident of San Juan, P. R., and not a party to this case nor have I an interest therein; that I received the annexed summons at 9 a. m. on November 29, 1927, and personally served the same on November 29, 1927; that I was informed by Elisa Delgado that her sister, Josefa Delgado, the defendant in this case, does not reside here in this city or in the Island of Puerto Rico, having gone abroad where she now is and her permanent residence being unknown, for which reason I have been unable to make personal service of this summons on her. Dated this 29th day of November, 1927."

Thereupon a motion was filed for service of process by publication which the court granted, thus:

"Having considered the foregoing verified motion of the plaintiff and the provisions of sections 94 and 95 of the Code of Civil Procedure, the court decrees and directs that Josefa Delgado, the defendant in this case, be served with process by means of notices to be published once a week for a period of one month, and that a copy of the complaint and of the summons be sent to her residence by the plaintiff if the latter is able to obtain information regarding the residence of the said defendant."

The notices were published in "La Correspondencia de Puerto Rico" and on February 16, 1928, the clerk of the municipal court entered the default of the defendant. On the 27th of the same month the municipal court rendered judgment in favor of the plaintiff, with costs.

After the filing and approval of a memorandum of costs amounting to $50, of which $25 was for attorney's fees, application was made for the issuance of a writ of execution upon the judgment. The writ was issued. An attachment

was levied upon the said house on Flores Street and recorded in the registry of property. A sale at public auction was advertised and, pursuant to such sale, the house was awarded to Joaquín Rivera, the defendant in this case and plaintiff in the said action, "in payment of his homestead right to the extent of five hundred dollars." The corresponding marshal's deed was executed on April 28, 1928, and recorded in the registry on May 3, 1928.

On July 20, 1928, the defendant in the action to enforce the homestead claim filed in the municipal court a motion to open the default judgment together with an affidavit of merits and an answer to the complaint, all of which was notified to the claimant Joaquín Rivera.

On August 4, 1928, the hearing of that motion was set for the 14th of the same month.

In the record of the suit to claim a right of homestead there also appears a motion filed by Joaquín Rivera on July 26, 1928, and notified to the adverse party on August 4, 1928, to strike out the motion to open the default.

On August 17th the municipal court in a reasoned decision considered the opening of the default, quashed all the proceedings had and ordered that the answer remain as a part of the record, and that the suit be continued in accordance with the law.

On August 29, 1928, Joaquín Rivera moved for a reconsideration of the decision of the 17th. His motion was denied. The case then proceeded to final judgment, which was rendered on October 17, 1928, as follows:

"On October 9, 1928, and in open court, this case was called for trial as set in the calendar, with the sole appearance of the defendant, the plaintiff having failed to appear, notwithstanding notice of the setting was duly served on him.

"The defendant introduced evidence, both documentary and oral, and the case was submitted to the court for consideration and decision.

"Wherefore, the defendant having shown that the money loaned

by him to the plaintiff was precisely for the purpose of purchasing the lot and building the house in which the plaintiff claims a homestead right, the court finds that the facts and the law are in favor of the defendant and against the plaintiff, it further appearing that the plaintiff did not even live in the said house described in the complaint until long after its termination, and it therefore renders judgment for the defendant and denies the right of homestead claimed by the plaintiff, and imposes the costs and expenses of the action on the said defendant.''

Notice of the judgment was served personally on Joaquín Rivera on October 23, 1928, but no appeal appears to have been taken therefrom.

While these latter events were taking place, on August 15, 1928, that is, after the defendant Josefa Delgado, plaintiff herein, had filed the motion to open the default and that motion had been set for hearing, and after the plaintiff Joaquín Rivera, defendant in the present suit, had moved to strike out said motion, the said Rivera appeared before a notary and by a deed sold to his codefendant herein, Alfonso Durán, the house on Flores Street for a price of four thousand dollars, of which the purchaser paid two thousand in cash and retained the remaining two thousand dollars for the payment of an existing mortgage for that amount constituted on the house in favor of Joaquina Castillo.

In that situation, the plaintiff brought this action to annul the conveyances from the marshal to the defendant, Joaquín Rivera, and from the latter to the defendant, Alfonso Durán.

Rivera did not defend the action. Durán alleged that he had bought from an owner of record who had the right to sell; that he had no notice of any defect in the title of the person from whom he had purchased, and that he had paid a reasonable price for the property.

The case went to trial and on October 16, 1929, the district court rendered a judgment sustaining the complaint. The court in its opinion made an analysis of the pleadings and the evidence and reached the conclusion that the municipal

court had acted without jurisdiction in rendering its judgment by default in the action claiming the homestead right, and that the defendant was not a third party in contemplation of the law nor had acted in good faith.

Alfonso Durán took the present appeal from that judgment and has assigned two errors, as follows:

"FIRST: The court erred in holding that Alfonso Durán did not pay any consideration for the property which is the object of this action and that, therefore, the sale in question was simulated and fraudulent.

"SECOND: The court erred in holding that appellant Alfonso Durán is not a third person under the provisions of section 34 of the Mortgage Law."

After a careful consideration of the pleadings and the evidence, we think that the commission of the first error might be conceded, but not so as to the second assignment. In our judgment, it was not shown that the defendant-appellant Alfonso Durán conspired with the other defendant Joaquín Rivera; but it was indeed shown that the said defendant-appellant Durán had notice from the registry and from the conveyance by the marshal to the defendant, Rivera, which was known to him, of circumstances putting him upon inquiry as to what might happen, and did happen, regarding the title under which he acquired.

According to the law, a default judgment may be set aside where the defendant has not been personally notified, and such defendant may be allowed to answer within one year as provided in the statute. (Section 140 of the Code of Civil Procedure; *Pérez* v. *Fernández*, 220 U. S. 224.) In the case at bar such period had not elapsed when Durán bought from Rivera, as appeared from the registry of property and from the marshal's deed to Rivera.

Upon the judgment being set aside, as in this case, for lack of jurisdiction, not only the title of the defendant Rivera, but also that of the defendant Durán, must fall, as the same did fall, to the ground.

From the facts above recited, the attendant circumstances reveal themselves so clearly that we need not stop to comment on them.

The grounds on which the municipal court based the opening of the default appear from an opinion of the judge of that court which is transcribed in the opinion of the district judge. They are as follows:

"Let us see now whether this court can and must grant the motion of the defendant to open the default judgment.

"According to section 140 of the Code of Civil Procedure of Puerto Rico, when for any cause the summons in an action has not been personally served on the defendant, a court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action. In the case at bar the court was requested to authorize service of the summons by publication and this was done upon a verified motion of the plaintiff which was entirely insufficient and was submitted to the judge now presiding this court in November, 1927, during which time he was the acting judge thereof and who now admits that he signed said order inadvertently, it having been prepared and presented by the plaintiff. But even so, and disregarding the insufficiency of the motion for the service of process by publication, we find that the notices published did not conform to the order of the court. The court never ordered that the publication be made in 'La Correspondencia de Puerto Rico' as stated in the notice itself as a part of the order.. The order also directed that a copy of the complaint and of the summons be forwarded to her residence by the plaintiff. We fail to find anywhere in the motion to enter the default of the defendant any averment that the plaintiff had forwarded to the residence of the defendant a copy of the complaint or of the summons, nor do we find in the said motion anything showing that no copy of the complaint or of the summons had been forwarded to her because the residence of the defendant was unknown.

"If we consider carefully this question of the service of process by publication in the present case, we arrive at the conclusion, which is obvious, that on the same day that Agustín Mena, the process server, received the summons, to wit, on November 29, 1927, and notwithstanding he had not inquired from the brother of the

defendant (since he says he was told by the latter that she did not reside in Puerto Rico) as to the said defendant's residence in Europe, a motion for the publication of the summons was prepared, the oath to which is defective in that it fails to set forth that the matter therein alleged on information and belief is believed by the affiant to be true, which is precisely the most important part of the motion.

"Moreover, everything in the present case has been conducted in such a queer and hasty manner, especially as regards the service of the complaint, that we have no other choice but to grant the motion for the opening of the default, as this court holds that it never had jurisdiction of the defendant so as to be empowered to proceed against her and much less to deprive her of her property, worth more than four thousand dollars, without her consent or prior notice of anything, so that the plaintiff might obtain the property for $500, and then not in full satisfaction but only as a partial payment of the sum claimed."

To the above the district judge adds on his own account that the invalidity of Rivera's title appears from the registry itself for the following reasons:

"But even if that were so, it appears from the certificate of the registrar of property that the award was made to Rivera on a homestead claim, and from a reading of the Homestead Law we find that what the statute secures to the head of a family is a homestead right up to $500, and if that right were recognized and awarded on a homestead to the extent of $500, it would then result that the head of the family had a joint interest in the property, but never the right to sell the latter without first notifying the other joint owner, that is, his copartner, of the excess value of the property involved in the homestead claim. In other words, we do not really know of any provision of law empowering the person who is granted a homestead right to sell on execution a property for the value of such right. The Homestead Law is silent on this point. We have carefully studied its text both in English and Spanish and no such thing appears there. The homestead is an acknowledged right in the property. This right establishes an undivided interest in the property involved. If the person in whose favor this right is acknowledged does not desire to continue the joint ownership, the law grants him the proper remedy for discontinuing the same. But we have been unable to find any provision of law

to the effect that a mere acknowledgment of a homestead right entitles the person in whose favor such acknowledgment is made to have the property sold and awarded to him on execution, thus depriving the other co-owner of his property. To maintain such a proposition would lead to an absurdity and this is not tolerated by the law."

The appellant cites in his brief the case of *People* v. *Riera*, 27 P.R.R. 1. In that case this court, speaking through Mr. Justice Aldrey, said (p. 15):

"In the case of Fernández et al., v. Velázquez, 17 P.R.R. 716, for the recovery of properties sold under an execution which was alleged later to be null and void, the property being in the possession of third persons at the time the complaint was filed, the same question now under consideration was raised by the appellant's plea 'that the defendant should have carried the investigation of his title beyond the limits of the registry, because the books of the registry indicated that one of the conveyances was made in consequence of a lawsuit.' This court held that inasmuch as article 18 of the Mortgage Law imposes upon registrars the duty of determining, under their responsibility, the legality of the documents and the capacity of the parties, the defendant might rely upon the opinion of the registrar. To this we now add that the registries are entrusted to competent attorneys who are appointed after a competitive examination and that they also give security to answer for the faithful discharge of the duties of their office.

"In brief, then, as it is in the registry of property and not elsewhere that the grounds for the nullity or rescission of instruments or contracts should be shown in order that they may affect a third person whose title is recorded, and as in this case the defect invalidating Gestera's title does not appear from the registry itself, appellant Riera is protected by article 34 of the Mortgage Law against that invalidating defect."

The jurisprudence above cited is correct, but the instant case differs from those in which said jurisprudence was established and applied. In the case at bar, from the registry and from the marshal's deed executed in favor of Rivera, of which the defendant, Durán, knew, the latter had notice that the vendor's title, notwithstanding its being recorded in the registry, had originated in an award

*(adjudicación)* made by the marshal of a municipal court in a suit to claim a right of homestead in which a judgment by default had been rendered against the defendant, who had not been personally notified, without the period granted by the law itself for opening the default having expired. In these circumstances, Durán is not entitled to claim the status of a third person *(tercero hipotecario)*.

The judgment appealed from must be affirmed.